■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBUR CHARON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered October 16, 1986, convicting him of attempted burglary in the third degree, criminal mischief in the fourth degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People did not prove beyond a reasonable doubt that the tools used by him were suited to bring him "very near" the completion of a burglary, as required to convict him of attempted burglary, is without merit *(see, People v Bracey,* 41 NY2d 296, *rearg denied* 41 NY2d 1010; *People v Di Stefano,* 38 NY2d 640). The defendant was found outside certain commercial premises at midnight in possession of a slaphammer and other locksmithing tools. The padlock on the front gate of the premises was damaged. The tip of the defendant's slaphammer, which was broken off, was

found under the damaged padlock. The evidence at trial clearly established that the defendant here went beyond "mere preparation" and his acts were sufficiently near completion of a burglary so as to be guilty of attempt *(People v Trepanier,* 84 AD2d 374). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The argument of the defendant as to the tools' "unsuitability" is analogous to "impossibility", which is no defense to an attempt to commit a crime (Penal Law § 110.00). Mollen, P. J., Mangano, Rubin and Sullivan, JJ., concur.